STATE ex rel. B. G. COVELL v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 6.

July 15, 1898.

Nos. 11,221—(259).

G. S. 1894, § 3745—Use of School House by County Superintendent —Burden of Proof.

G. S. 1894, § 3745, relating to the use of school houses by county superintendents, construed, and *held*, that the superintendent cannot arbitrarily and absolutely designate any school house or school room he sees fit for the examination of teachers therein, but he has the right of selection in the first instance; and when the school officers receive notice of such selection, if there are good reasons why they cannot grant him the use of the particular room selected, they must set apart for him in a school

house of the district a suitable and proper room, and such a one as his purposes reasonably require. The burden, in case of any controversy, is upon the school officers to show a bona fide compliance with the statute.

Mandamus to compel respondent board to furnish relator with a school room in which to hold a teachers' examination. From an order of the district court for Swift county, Qvale, J., discharging the alternative writ, and denying the peremptory writ, relator appealed. Affirmed.

*Frank P. Olney*, for appellant.

*Foland & McCune*, for respondent.

START, C. J.

The appellant is the superintendent of schools of the county of Swift, and as such he sued out of the district court of that county an alternative writ of mandamus to compel the respondent board of education to furnish to him a certain room in one of its school buildings for the purpose of holding a teachers' examination therein. The respondent made return and answer to the writ, and, after hearing the evidence, the district court made its order discharging the writ, and the relator appealed from the order.

The facts are admitted, except in one particular, and they are these: The appellant, as county superintendent, served notice on the clerk of the respondent that he would hold a teachers' examination in the seventh grade room in the south side school building of the school district on March 23, 1898, and published notice of the time and place of holding such examination. There were 46 pupils in the room designated, who were preparing for the annual examination, and there was no other room in the school buildings of the district in which they could be accommodated, and the respondent board, deeming it detrimental to the school to discontinue it during the time occupied by the examination of the teachers (of whom there were 17 in all), designated and set apart for the use of the appellant for such purpose a room in the north side school building, and so notified him two days prior to the time set for such examination. The appellant refused to accept such room, claiming that it was not suitable for his purposes.

Whether the room tendered was in fact suitable and proper was

the only disputed question of fact in the case. The trial court found for the respondent on the question, and there was evidence in the case sufficient to sustain the findings.

The claim of the appellant is that the statute vests county superintendents with the absolute right, under all circumstances, to use any school room or house they please, for the examination of teachers, subject to no other condition than the giving to the clerk of the proper district notice of their intention so to do.

The following are the provisions of G. S. 1894, relied upon in support of the proposition:

Section 3745. "County superintendents of schools shall, for the purpose of conducting institutes and teachers' examinations, be granted the free use of such school houses as they may require for the time actually employed in conducting such institutes and examinations; and it is hereby made the duty of the several school district officers in this state to furnish county superintendents the use of the school houses in their several districts for the purposes aforesaid, provided that in so far as institutes are concerned it does not interfere with the session of schools."

Section 3746: "Any county superintendent intending to avail himself of the benefits of the foregoing section shall give at least ten days' notice of such intention to the clerk of the proper school district."

These sections do not support the contention of the appellant. The meaning and purpose of the statute are expressed on its face with reasonable clearness. Its purpose is to secure to county superintendents the free use of such school rooms or houses as they need for conducting institutes and teachers' examinations, and it makes it the duty of the school officers to grant to them the use of such school rooms or houses for such purposes. Where the purpose is the examination of teachers, such officers may not refuse such use, although it interferes with the session of the school.

But it does not authorize a county superintendent arbitrarily and captiously to demand the use of all such school rooms or houses which he may say or believe he requires for the examination of teachers, otherwise he might assert that he needed all of the school houses in a given district, and temporarily close all of the schools. Nor does it authorize the school board to comply with his request

by arbitrarily granting him the free use of some other room in a school house or elsewhere which they assert or believe to be suitable and proper for his purposes. The statute contemplates that both parties must act reasonably, and permits neither to be "pigheaded" in the premises.

Our construction of the statute is, then, that the superintendent cannot arbitrarily and absolutely designate any school house or school room he sees fit for the examination of teachers therein; but he has the right of selection in the first instance, and when the school officers receive notice of such selection, if there are good reasons why they cannot grant him the use of the particular room selected, they must set apart for him in a school house of the district a suitable and proper room, and such a one as his purposes reasonably require. The burden, in case of any controversy between the parties, is upon the school officers to show a bona fide compliance with the statute.

The trial court having found as a fact that the room tendered by the respondent for the use of the appellant was suitable and proper for his purpose, it follows from the admitted facts that the order appealed from must be, and it is, affirmed.